IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joshua A. Glidewell and Randy A. Bryson, ) ) ) Plaintiffs, ) v. ) ) City of Greenville, South Carolina, ) ) Defendant. ) _____) | Civil Action No. 6:09-01932-JMC **ORDER** |

Plaintiffs, Joshua A. Glidewell ("Glidewell") and Randy A. Bryson ("Bryson") (collectively, "Plaintiffs"), filed this action pursuant to 42 U.S.C. § 1983 against Defendant City of Greenville, South Carolina ("Defendant"), alleging violations of their civil rights protected by the United States Constitution, pmbl.-art. XXVII; the Constitution of the State of South Carolina, pmbl.-art. XVII; and the South Carolina Religious Freedom Act ("SCRFA"), S.C. Code Ann. §§ 1-32-10-60. (ECF No. 1.) Plaintiffs also alleged state law claims for false imprisonment and false arrest. (Id.) On October 14, 2011, the court approved and entered a consent decree at the request of the parties, which order disposed of all Plaintiffs' claims, excluding the award of any attorneys' fees and/or costs to Plaintiffs. (ECF No. 71.) This matter is before the court on Plaintiffs' motion for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988, the SCRFA, and Rule 54 of the Federal Rules of Civil Procedure. (ECF No. 93.) Defendant objects to the amount of attorneys' fees sought by Plaintiffs. (ECF No. 99.)

In accordance with Fed. R. Civ. P. 54(d)(2)(D) and the parties' consent decree, the matter was referred to United States Magistrate Judge Kevin F. McDonald, for handling. (See ECF Nos. 71 & 104.) On February 23, 2012, the Magistrate Judge issued a Report and

1

Recommendation in which he recommended that Plaintiffs' motion for attorneys' fees and costs be granted, in part, by awarding Plaintiffs $71,573.00 in attorney's fees and $7,664.21 in costs. (ECF No. 120.) Plaintiffs filed objections to the Report and Recommendation asking the court to reject the Magistrate Judge's recommendation and award Plaintiffs the entire amount of attorneys' fees requested in their motion. (ECF No. 121.) For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and **GRANTS**, in part, Plaintiffs' motion for an award of attorneys' fees and costs, but declines to award the entire amount of attorneys' fees requested by Plaintiffs.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2007, Plaintiffs allege that Glidewell was arrested by Defendant's police department officers as he was distributing religious literature and discussing the Bible with pedestrians on Main Street in Greenville, South Carolina. (ECF No. 31, ¶¶ 15-24.) Glidewell was cited for violating section 24-32 of the Greenville City Code, which ordinance inter alia made it unlawful for any person to "molest or disturb any person by the making of obscene remarks or such remarks and actions as would humiliate, insult, or scare any person." (ECF No. 31, ¶¶ 20, 21.) On October 31, 2008, Defendant's municipal judge dismissed the charge against Glidewell. (Id. at ¶ 26.)

In October 2007 and September 2008, Plaintiffs allege that Bryson was prevented by Defendant's police department officers from discussing the Bible and distributing religious literature to pedestrians on Main Street in downtown Greenville. (ECF No. 31, ¶¶ 28-35.)

On July 21, 2009, Glidewell filed a summons and complaint in this court against Defendant alleging violations of the Free Speech Clause and Free Exercise Clause of the First

Amendment, the Due Process Clause of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, the Constitution of the State of South Carolina, and the SCRFA. (ECF No. 1.) Glidewell also alleged state law claims for false arrest and false imprisonment. (Id.) Defendant answered the complaint denying Glidewell's claims on August 12, 2009. (ECF No. 10.) On February 26, 2010, Glidewell moved to amend the complaint to add Bryson to the lawsuit. (ECF No. 28.) On March 12, 2010, the court granted Glidewell's motion to amend. (ECF No. 30.) Glidewell amended his complaint on March 16, 2010. (ECF No. 31.) On March 30, 2010, Defendant filed an answer to the amended complaint denying Plaintiffs' allegations. (ECF No. 33.)

On August 23, 2010, the case was transferred from the Honorable R. Bryan Harwell to the Honorable J. Michelle Childs. (ECF No. 65.) On October 12, 2010, the parties moved the court for the entry of a consent decree resolving the case, which motion was granted by the court on October 14, 2010. (ECF Nos. 70 & 71.) On May 18, 2011, Plaintiffs moved the court to award them attorneys' fees and costs. (ECF No. 93.) Also, on May 18, 2011, Plaintiffs filed a bill of costs requesting that Defendant be taxed costs. (ECF No. 94.)

On June 6, 2011, Defendant filed general opposition to the bill of costs, while reserving the right to move the court for review of any inappropriate action taken by the Clerk of Court in regards to the bill of costs. (ECF No. 98.) On June 20, 2011, Defendant filed opposition to Plaintiffs' motion for attorneys' fees and costs asserting that Plaintiffs were not the prevailing party and the amount of fees and costs requested were unreasonable. (ECF No. 99.) Plaintiffs filed a reply in support of the award of attorneys' fees and costs on June 30, 2011. (ECF No. 101.) On July 12, 2011, the court entered an order referring Plaintiffs' motion for attorneys' fees

and costs to the Magistrate Judge. (ECF No. 104.)

## II. LEGAL STANDARD AND ANALYSIS

A. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. See Fed. R. Civ P. 72(b)(3); see also Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See Fed. R. Civ. P. 72(b).

Plaintiffs move for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988, the SCRFA, and Fed. R. Civ. P. 54. Pursuant to 42 U.S.C. § 1988, the court is permitted to allow the prevailing party in a section 1983 action "a reasonable attorney's fee." See 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."). The purpose of allowing attorneys' fees in a civil rights action "is to ensure effective access to the judicial process for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (internal quotation marks and citation omitted). "Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Id. (internal

4

quotation marks and citation omitted). Moreover, under SCRFA, if a person prevails in a proceeding where the exercise of religion has been burdened, "the court shall award attorney's fees and costs." S.C. Code Ann. § 1-32-50.

Fed. R. Civ. P. 54(d) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a presumption in favor of awarding costs to a prevailing party. See Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see also Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999). To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so. Teague, 35 F.3d at 996; see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990).

**B.     The Prevailing Party**

The threshold issue under 42 U.S.C. § 1988 is whether plaintiffs are "prevailing parties." Farrar v. Hobby, 506 U.S. 103 (1992). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Mercer v. Duke Univ., 401 F.3d 199, 203 (4th Cir. 2005) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). "To qualify as a "prevailing party," a plaintiff need not prevail on every claim or issue raised, but only "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, 461 U.S. at 433. A plaintiff who receives only nominal damages is nonetheless a prevailing party under § 1988 because "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Farrar, 506

5

U.S. at 113.  Moreover, "[a] party may prevail by virtue of a voluntary action by the opposing party through settlement or a consent decree." Child v. Spillane, 866 F.2d 691, 692 (4th Cir. 1989).  Therefore, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley, 461 U.S. at 429.

Upon his review, the Magistrate Judge found that Plaintiffs were the prevailing party in this action.  The Magistrate Judge supported his finding with evidence in the record that (1) Plaintiffs' suit resulted in Defendant repealing the subpart of section 24-32 of the Greenville City Code, which section Glidewell was cited for violating; (2) the consent decree permanently prevented the defendant's enforcement of section 24-32 of the Greenville City Code against Plaintiffs absent a breach of peace; (3) the amount paid to Glidewell to settle the matter appeared to be a fair sum to resolve his damages; and (4) the consent decree specifically indicated the recognition that Plaintiffs would be entitled to "an acceptable amount" of attorneys' fees and costs as a result of resolving the case via the consent decree. (ECF No. 120, pp. 4-5.)

Defendant did not file an objection to the Magistrate Judge's recommendation that Plaintiffs should be declared the prevailing party by the court.  Therefore, in accordance with the reasons stated by the Magistrate Judge, the court finds that Plaintiffs are "prevailing parties" in this matter.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir.1983) (observing that in the absence of objections to the Magistrate Judge's Report and Recommendation, the court is not required to provide an explanation for adopting the recommendation).

**C.     Plaintiffs' Request for Attorneys' Fees and Costs**

Plaintiffs were represented by Samuel D. Harms from the Harms Law Firm, P.A. ("HLF"), and Frederick H. Nelson ("Nelson") and Nicole C. Myers ("Myers") of the American

6

Liberties Institute ("ALI"), a public interest organization specializing in constitutional rights and religious liberties. (ECF No. 93-3, ¶ 12; ECF No. 93-4, ¶ 4.) ALI contends that its attorneys reasonably expended 486.6 hours on this matter, which total includes 352.7 hours by Nelson, 124.8 hours by Myers, and 9.1 hours by ALI's paralegal. (See ECF No. 93, p. 3; ECF No. 114, p. 4.) ALI further contends that the reasonable hourly rate for Nelson is $350, for Myers is $250, and for ALI's paralegal is $90. (ECF No. 114, p. 3 at ¶ 9.)

HLF contends Harms reasonably expended 322.5 hours on the matter and his paralegal 53.1 hours. (ECF No. 93, p. 3; ECF No. 101-1, p. 3.) HLF further contends that $250 per hour is a reasonable rate for Harms' time and that his paralegal's hourly rate is $90. (ECF No. 93-3, p. 6.) Therefore, for all work performed up to, but excluding the objections to the Magistrate Judge's Report and Recommendation, the total award of reasonable attorneys' fees and costs sought by ALI is $147,583.71 and for HLF is $77,224.00. (See ECF No. 93, p. 3; ECF No. 114, pp. 3-4; ECF No. 101, p. 14.)

**D.     Determining the Reasonableness of the Attorney's Fees Being Requested**

To assess reasonable attorneys' fees, the "court must first determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citing Grissom v. The Mills Corp., 549 F.3d 313, 310 (4th Cir. 2008)). In determining what constitutes a reasonable number of hours and rate, the court considers the following twelve factors set out in Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978): (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary

fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); Robinson, 560 F.3d at 245 (reaffirming use of the Barber factors). "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." E.E.O.C. v. Serv. News Co., 898 F.2d 958, 965 (4th Cir. 1990). While the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. Id.

    1.    Reasonable Hourly Rate

Fee applicants bear the burden of establishing that the rates they request are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990) (internal citations and quotation marks omitted). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994) (citing Nat'l Wildlife Fed'n v. Hanson, 859 F.2d 313, 317 (4th Cir. 1988)).

Upon his review, the Magistrate Judge found that the rates proposed by the Plaintiffs' attorneys were unreasonable in this market. (ECF No. 120, p. 10.) Specifically, the Magistrate Judge determined that (1) a $300 hourly rate was unreasonable in the District of South Carolina; (2) the relief obtained for Plaintiffs was not so impressive as to command inflated attorneys' fees; and (3) Plaintiffs had failed to establish that the South Carolina bar lacked attorneys skilled at handling their claims. (Id. at pp. 11-13.) The Magistrate Judge concluded that a reasonable hourly rate was $275 for Nelson, $225 for Harms, and $90 for each paralegal. (Id. at p. 13.)

Plaintiffs objected to the Magistrate Judge's determination that the rates requested by their attorneys were unreasonable. Plaintiffs asserted that they presented evidence establishing that the rates requested - $350.00 per hour for Nelson, $250.00 per hour for Myers, $250.00 per hour for Harms, and $90.00 per hour for a paralegal - were reasonable in the Greenville, South Carolina market and a national market based on their attorneys' experience, skill level and expertise of the counsel involved in the litigation of this case. (ECF No. 121, p. 12.) Plaintiffs specifically referenced the reasonableness of Nelson's higher hourly rate as the result of his recognition as national expert in civil rights cases. (Id.) Plaintiffs further argued that the hourly rates requested were rates that have been awarded around the country. (Id.)

Upon review of Plaintiffs' objections in the context of the relevant Barber factors,[1] the court finds that Plaintiffs' attorneys have failed to provide satisfactory specific evidence that the rates sought were the going rates in the Greenville community for the type of work they wanted to be compensated for. In this regard, Plaintiffs' attorneys failed to provide specific information

---

[1] The following Barber factors are used in determining a reasonable hourly rate, including (1) the preclusion of employment due to acceptance of the case; (2) the customary fee for like work; (3) whether the fee is fixed or contingent; (4) the amount in controversy and the results obtained; (5) the experience, reputation, and ability of the attorney; (6) the "undesirability" of the case; (7) the nature and length of the attorney's professional relationship with the client; and (8) fee awards in similar cases. Trimper v. City of Norfolk, 58 F.3d 68 (4th Cir. 1995).

9

regarding the market rate in the Greenville community for First Amendment work,[2] nor did they cite to fee awards in similar First Amendment cases in the District of South Carolina.[3] See Robinson v. Equifax, 560 F.3d 235, 245 (4th Cir. 2009) (the parties must prove the prevailing market rate via the affidavits of other local attorneys who are familiar with the skills of the applicants and the type of work in the relevant community). Therefore, the court finds that Plaintiffs' objection to the Magistrate Judge's report is without merit and the hourly rates requested by Plaintiffs' attorneys are excessive and unreasonable. Accordingly, the court accepts the Magistrate Judge's recommendation as to the hourly rates that should be used to calculate the attorneys' fee award in this matter.

2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, the court is required to calculate the number of hours reasonably expended by the prevailing party seeking attorneys' fees. In making this determination, "the court should not simply accept as reasonable the number of hours reported by counsel." Child Evangelism Fellowship of S.C. v. Anderson Sch. Dist. 5, C/A No. 8:04-1866-HMH, 2007 WL 1302692, at *2 (D.S.C. May 2, 2007) (citing Espinoza v. Hillwood Square Mut. Ass'n, 532 F. Supp. 440, 446 (E.D.Va. 1982)). Further, "duplicative, excessive, or redundant hours should not be compensated under § 1988." Trimper v. City of Norfolk, Va., 58 F.3d 68, 76 (4th Cir. 1995).

---

[2] In support of their motion for attorneys' fees, Plaintiffs attorneys, in addition to their own affidavits, submitted an affidavit from James G. Carpenter ("Carpenter"), an attorney practicing in Greenville, South Carolina. In his affidavit, Carpenter, although he stated that the rates requested by Plaintiffs' attorneys were reasonable, acknowledged that he did not know other attorneys like Plaintiffs' attorneys who practiced First Amendment religious liberties issues in the Greenville community. (ECF No. 93-5, ¶ 6.)

[3] Plaintiffs' attorneys cite a number of cases approving attorneys' fees in excess of $300 per hour. However, none of the cases reflect the rate in the Greenville, South Carolina market. See Trimper, 58 F.3d at 76 ("[T]he proper measure of fees is the prevailing market rate in the relevant market . . . .").

In his assessment of the hours expended by Plaintiffs' attorneys, the Magistrate Judge concluded that (1) the 124.8 hours attributable to Myers were unnecessary and excessive given Nelson's presence in the case; (2) the total number of hours claimed by the Plaintiffs' attorneys represent a great deal of "duplicative, excessive, and redundant hours"; (3) many of the hours claimed by Plaintiffs' attorneys consisted of communication between co-counsel, which was excessive for communication between experienced First Amendment lawyers; and (4) the uncomplicated nature of the law and discovery in the instant case did not warrant the high number of hours expended by Plaintiffs' attorneys. (ECF No. 120, pp. 8 - 10.) As a result, the Magistrate Judge concluded that the reasonable hours claimed by Plaintiffs' attorneys should be reduced to 240 hours, but the hours expended by the paralegals of Plaintiffs' attorneys - 9.1 hours by ALI's paralegal and 50.6 hours by HLF's paralegals - were reasonable. (ECF No. 120, p. 10.)

In the context of hours reasonably expended, Plaintiffs only objected to the Magistrate Judge's recommendation that all hours expended by Myers should be eliminated. (ECF No. 120, p. 13.) Plaintiffs stated that the Magistrate Judge should have utilized the standard identified by the United States Supreme Court in Missouri v. Jenkins, 491 U.S. 274 (1989), that if certain work performed by attorneys could have (or should have) been performed by paralegals, the proper method of awarding fees is to award those hours at the paralegal rate. (Id. (citing Jenkins, 491 U.S. at 288 n. 10).) As a result, Plaintiffs asserted that the court should award Myers fees at the paralegal rate for those tasks deemed appropriate for a paralegal and award her attorney rate for work normally performed by associate attorneys. (Id. at p. 15.)

After careful review of Plaintiffs' attorneys' time submissions in the context of the

relevant Barber factors, the court agrees with the Magistrate Judge that Plaintiffs' attorneys' expended more hours than reasonably necessary to litigate this matter. Because Plaintiffs did not state a specific objection to the Magistrate Judge's overall recommendation as to the total number of hours their attorneys should be compensated for, the objection regarding Myers' hourly rate is disregardable since the compensable hours attributable to ALI will be at Nelson's higher rate of $275.[4] Therefore, the court finds that the number of compensable hours claimed by Plaintiffs' attorneys should be reduced and accepts the Magistrate Judge's recommendation as to the number of hours Plaintiffs' attorneys should be compensated for.

    3.    Final Lodestar Determination

Based on the foregoing and in accordance with the apportionment and reasonable rates and hours as outlined in the Magistrate Judge's Report and Recommendation,[5] the court finds that attorneys' fees in the lodestar amount of $71,573.00[6] should be awarded to Plaintiffs in this matter. Of this total amount, ALI should be awarded $43,419.00, and HLF should be awarded $28,154.00. The court declines to enhance these fee awards as requested by Plaintiffs' attorneys in their objections to the Report and Recommendation. (See ECF No. 121, pp. 15-18.)

**E.    Bill of Costs**

Plaintiffs filed a bill of costs requesting that Defendant be taxed costs totaling $4,558.40. (ECF No. 94.) Defendant filed general opposition to the bill of costs, reserving the right to move the court to review any action taken by the Clerk of Court in regards to the bill of costs. (ECF

---

[4] Plaintiffs' attorneys sought a rate of $250.00 per hour for Myers. (See ECF No. 93-4, p. 12.)

[5] The Magistrate Judge attributed sixty percent of the 240 reasonable hours to Nelson and forty percent of the 240 reasonable hours to Harms. This percentage reflected the proportionate contribution of ALI and HLF to the total work expended on behalf of Plaintiffs.

[6] This amount includes the fees for the paralegals for the firms.

No. 98.)  The Magistrate Judge determined that Defendant's objection to the bill of costs was based on the position that Plaintiffs were not the prevailing party and was unrelated to the specific costs listed on the invoice.  (ECF No. 120, p. 14.)  The Magistrate Judge found that the requested costs appeared appropriate under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Civil Rule 54.03 DSC and he recommended that the Clerk of Court should tax these costs to Defendant.  Defendant did not file an objection to the Magistrate Judge's recommendation that it should be taxed the amount of costs contained in the bill of costs.  Therefore, the court finds that Defendant should be taxed costs in the amount of $4,558.40.

**F.     Litigation Costs**

In addition to costs found in the bill of costs, the Magistrate Judge recommended awarding Plaintiffs' attorneys $3,105.81 in other litigation-related costs.  (See ECF No. 120, pp. 10, 14.)  It is well-established that plaintiffs who are deemed entitled to attorneys' fees are also entitled to recover their reasonable litigation-related expenses as part of their overall award.  See Daly v. Hill, 790 F.2d 1071, 1084 (4th Cir. 1986).  Defendant did not object to the Magistrate Judge's recommendation that Plaintiffs should be awarded $3,105.81 in other litigation costs.  Accordingly, the court accepts the Magistrate Judge's recommendation and awards Plaintiffs additional litigation costs in the amount of $3,105.81.

### III.  CONCLUSION

Based on the foregoing, the court hereby **GRANTS**, in part, Plaintiffs' motion for an award of attorneys' fees and costs.  (ECF No. 93.)  Defendant City of Greenville, South Carolina is hereby **ORDERED** to pay Plaintiffs $71,573.00 in attorneys' fees and $7,664.21 in costs.  The court accepts the Magistrate Judge's Report and Recommendation and incorporates it herein by

reference.

**IT IS SO ORDERED**.

*J. Michelle Childs*

UNITED STATES DISTRICT JUDGE

March 20, 2012
Greenville, South Carolina